FILED
United States Court of Appeals
Tenth Circuit

August 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY ARNO LAUER,

      Plaintiff–Appellant,

v.

RUSSELL THELIN; DIANE BAIRD;
LUIS RODRIGUEZ; UTAH STATE
OFFICE OF REHABILITATION,

      Defendants–Appellees.

No. 11-4101
(D.C. No. 1:10-CV-00186-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Larry Arno Lauer appeals the dismissal of his Americans with Disabilities Act

suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Lauer filed a complaint against the Utah State Office of Rehabilitation and three of

its employees, Russell Thelin, Diane Baird, and Luis Rodriguez. He alleged that the

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

defendants "[d]iscriminated against [him] for being disabled," but did not explain the nature of the alleged discrimination, or how the defendants were involved. The district court dismissed Lauer's complaint without prejudice, permitting him an opportunity to submit an amended complaint. Rather than submitting an amended complaint, Lauer filed a motion to amend and for injunctive relief along with a supporting brief. Like the original complaint, these filings lacked any factual allegations relating to the claimed discrimination. Following a hearing, the district court denied the motion to amend and closed the case. Lauer timely appealed the dismissal of his action.

"This court reviews de novo the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007). Although a motion to dismiss for failure to state a claim is "rarely granted," Lone Star Indus., Inc. v. Horman Family Trust, 960 F.2d 917, 920 (10th Cir. 1992) (quotation omitted), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). A complaint that "tenders naked assertions devoid of further factual enhancement" fails to meet this standard. Id. (quotation omitted).

Lauer's complaint is one of the rare bare-bones filings that is properly subject to 12(b)(6) dismissal. It wholly fails to identify any acts committed by the defendants that might qualify as discrimination. The same is true of Lauer's other filings. Even liberally construing Lauer's subsequent pro se submittals as a form of amended complaint, see

-2-

<u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991), they do not allege any facts that might give rise to a claim for relief. After reviewing all of the documents Lauer filed in the district court, we cannot determine how Lauer believes the defendants have wronged him.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge